UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**WILLIAM THOMAS WINNETT II**                                                                     **PLAINTIFF**

**v.**                                                                     **CIVIL ACTION NO. 4:16-CV-P143-JHM**

**SOUTHERN HEALTH PARTNERS**                                                                     **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff William Thomas Winnett II initiated this *pro se* 42 U.S.C. § 1983 action on November 7, 2016. On January 30, 2017, Plaintiff advised the Court of a change of address and his address of record was updated to reflect this new address (DN 13). However, On March 20, 2017, an Order of this Court mailed to Plaintiff at his new address was returned to the Court in an envelope marked "Return to Sender, Refused, Unable to Forward" (DN 16). Plaintiff apparently is no longer housed at the most recent address provided to the Court, and he has not advised the Court of any subsequent change of address. Therefore, neither orders from this Court nor filings by Defendant in this action can be served on him.

Upon filing the instant action, Plaintiff assumed the responsibility of keeping this Court advised of his current address and to actively litigate his claims. *See* LR 5.2(e) ("All pro se litigants must provide written notice of a change of residential address . . . to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se*

litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As [the Sixth Circuit] has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

    Because Plaintiff has failed to comply with this Court's Local Rules by failing to provide written notice of his current address, the Court concludes that he has abandoned any interest in prosecuting this case and will dismiss the action by separate Order.

Date: May 11, 2017

                                                        **Joseph H. McKinley, Jr., Chief Judge**
                                                        **United States District Court**

cc:    Plaintiff, *pro se*
4414.011